✎AO 245B   (Rev. 06/05) Judgment in a Criminal Case
        Sheet 1                                                                                         JA/kb

# UNITED STATES DISTRICT COURT
## Southern District of Mississippi

UNITED STATES OF AMERICA
### v.
### RANDY LAVERN MARSHALL

a/k/a Boss, a/k/a Boss Hog

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   1:14cr1LG-JCG-001

USM Number:   17550-043

James Bailey Halliday
Defendant's Attorney:

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**OCT 22 2014**

ARTHUR JOHNSTON
BY _____ DEPUTY

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   1 through 10 of the Indictment.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Commit Armed Bank Robbery, Interstate Transportation of Stolen Vehicles, and Brandishing a Firearm During the Commission of a Violent Crime | 05/31/13 | 1 |
| 18 U.S.C. §2113(a) and (d) | Bank Robbery by Force and Violence or Intimidation | 05/31/13 | 2 |
| 18 U.S.C. §924(c)(1)(A)(ii) | Brandishing a Firearm in Relation to a Crime of Violence | 05/31/13 | 3 |
| 18 U.S.C. §2312 | Interstate Transportation of Stolen Vehicles | 05/31/13 | 4 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/20/14/2014
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Louis Guirola, Jr.          Chief U.S. District Court Judge
Name and Title of Judge

10/22/2014
Date

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A

| | | Judgment—Page | 2 | of | 9 |

DEFENDANT: RANDY LAVERN MARSHALL
CASE NUMBER: 1:14cr1LG-JCG-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2113(a) and (d) | Bank Robbery by Force and Violence or Intimidation | 05/31/13 | 5 |
| 18 U.S.C. §924(c)(1)(A)(ii | Brandishing a Firearm in Relation to a Crime of Violence | 05/31/13 | 6 |
| 18 U.S.C. §2312 | Interstate Transportation of Stolen Vehicles | 05/31/13 | 7 |
| 18 U.S.C. §2113(a) and (d) | Bank Robbery by Force and Violence or Intimidation | 05/31/13 | 8 |
| 18 U.S.C. §924(c)(1)(A)(ii | Brandishing a Firearm in Relation to a Crime of Violence | 05/31/13 | 9 |
| 18 U.S.C. §2312 | Interstate Transportation of a Stolen Vehicle | 05/31/13 | 10 |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT:   RANDY LAVERN MARSHALL
CASE NUMBER:   1:14cr1LG-JCG-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

60 months as to Count 1 to run concurrently with Counts 1, 2, 4, 5 and 7 in Docket #1:13cr51LG-RHW-001, Counts 2, 4, 5, 7, 8 and 10 in Docket #1:14cr1LG-JCG-001; and consecutively to Counts 3 and 6 in Docket #1:13cr51LG-RHW-001 and Counts 3, 6 and 9 in Docket #1:14cr1LG-JCG-001; (continued)

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at                ☐ a.m.   ☐ p.m.   on

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ by               ☐ a.m.   ☐ p.m   on           .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page __4__ of __9__

DEFENDANT:  RANDY LAVERN MARSHALL
CASE NUMBER:  1:14cr1LG-JCG-001

# ADDITIONAL IMPRISONMENT TERMS

300 months as to Count 2 to run concurrently with Counts 1, 2 and 5 in Docket #1:13cr51LG-RHW-001, Counts 1, 5 and 8 in Docket #1:14cr1LG-JCG-001; and consecutviely to Counts 3, 4, 6 and 7 in Docket #1:13cr51LG-RHW-001 and Counts 3, 4, 6, 7, 9 and 10 in Docket #1:14cr1LG-JCG-001;

300 months as to Count 3 to run consecutively to Counts 1 through 7 in Docket #1:13cr51LG-RHW-001 and Counts 1, 3, 4, 5, 6, 7, 8, 9 and 10 in Docket #1:14cr1LG-JCG-001;

120 months as to Count 4 to run concurrently with Counts 1, 4 and 7 in Docket #1:13cr51LG-RHW-001, Counts 1, 7, and 10 in Docket #1:14cr1LG-JCG-001; and consecutively to Counts 2, 3, 5 and 6 in Docket #1:13cr51LG-RHW-001 and Counts 2, 3, 5, 6, 8 and 9 in Docket #1:14cr1LG-JCG-001;

300 months as to Count 5 to run concurrently to Counts 1, 2 and 5 in Docket #1:13cr51LG-RHW-001, Counts 1, 2 and 8 in Docket #1:14cr1LG-JCG-001; and consecutively to Counts 3, 4, 6 and 7 in Docket #1;13cr51LG-RHW-001 and Counts 3, 4, 6, 7, 9 and 10 in Docket #1:14cr1LG-JCG-001;

300 months as to Count 6 to run consecutviely to Counts 1 though 7 in Docket #1:13cr51LG-RHW-001 and Counts 1, 2, 3, 4, 5, 7, 8, 9 and 10 in Docket #1:14cr1LG-JCG-001;

120 months as to Count 7 to run concurrently with Counts 1,4 and 7 in Docket #1:13cr51LG-RHW-001 and Counts 1, 4 and 10 in Docket #1:14cr1LG-JCG-001; and consecutively to Counts 2, 3, 5 and 6 in Docket #1:13cr51LG-RHW-001 and Counts 2, 3 5, 6, 8 and 9 in Docket #1:14cr1LG-JCG-001;

300 months as to Count 8 to run concurrently with Counts 1, 2, 5 and 6 in Docket #1:13cr51LG-RHW-001 andCounts 1, 2 and 5 in Docket #1:14cr1LG-JCG-001; and consecutively to Counts 3, 4 and 7 in Docket #1:13cr51LG-RHW-001 and Counts 3, 4, 6, 7, 9 and 10 in Docket #1:14cr1LG-JCG-001;

300 months as to Count 9 to run consecutively to Counts 1 through 7 in Docket #1:13cr51LG-RHW-001 and counts 1, 2, 3, 4, 5, 6, 7, 8 and 10 in Docket #1:14cr1LG-JCG-001;

120 months as to Count 10 to run concurrently with Counts 1, 4 and 7 in Docket #1:13cr51LG-RHW-001 and Counts 1, 4 and 7 in Docket #1:14cr1LG-JCG-001; and consecutviely to Counts 2, 3, 5 and 6 in Docket #1:13cr51LG-RHW-001 and Counts 2, 3, 5, 6, 8 and 9 in Docket #1:14cr1LG-JCG-001 for a total term of imprisonment of 1,704 months or 142 years.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 5 | of | 9 |

DEFENDANT:  RANDY LAVERN MARSHALL
CASE NUMBER:  1:14cr1LG-JCG-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

36 months each as to Counts 1, 4, 7 and 10, and 60 months each as to Counts 2, 3, 5, 6, 8 and 9, to run concurrently with all counts of conviction in Docket #1:13cr51LG-RHW-001 and Docket #1:14cr1LG-JCG-001.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation,   unless excused by the probation officer for schooling, train ing, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreem ent to act as an  informer or a special agent of  a law enforcem ent agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal hist ory or characteristics and shall perm it the probation officer to m ake such notifications and to confirm   the defendant's compliance with such notification requirement.

AO 245B  ` (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page    6    of    9

DEFENDANT:  RANDY LAVERN MARSHALL
CASE NUMBER:  1:14cr1LG-JCG-001

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall provide the probation office with access to any requested financial information.

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office, unless the defendant is in compliance with the installment payment schedule.

3) The defendant shall participate in a program of testing and/or treatment for alcohol/drug abuse, as directed by the probation office. If enrolled in an alcohol/drug treatment program, the defendant shall abstain from consuming alcoholic beverages during treatment and shall continue abstaining for the remaining period of supervision. The defendant shall contribute to the cost of treatment in accordance with the probation office Copayment Policy.

4) The defendant shall not possess, ingest, or otherwise use, a synthetic cannabinoid or other synthetic narcotic, unless prescribed by a licensed medical practitioner.

5) The defendant shall submit his person, property, house, residence, vehicle, papers, or office to a search, conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
      Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page | 7 | of | 9 |
|---|---|---|---|---|---|

DEFENDANT:  RANDY LAVERN MARSHALL
CASE NUMBER:  1:14cr1LG-JCG-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $1,000.00 | | $101,890.26 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victim s must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| (1) Merchants & Marine Bank<br>c/o Elise Bourgeious<br>P.O. box 729, Pascagoula, MS 39568 | $21,677.54 | $21,677.54 | |
| 2) Wells Fargo N.A.<br>RE: Pensacola Branch Bank Robbery (1/28/2013)<br>P.O. Box 5708, Springfield, OH 45501 | $25,735.25 | $25,735.25 | |
| (3) Farmers Insurance Company<br>c/o Michelle Wynn - Claim #800963437<br>22 Inverness Center Parkway<br>Suite 560, Birmingham, AL 35242 | $1,880.68 | $1,880.68 | |
| (4) Hancock Bank<br>Attn: Corporate Security File #1300443<br>P.O. Box 4019, Gulfport, MS 39502 | $8,176.10 | $8,176.10 | |

**TOTALS**      $ Continued      $ Continued

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine   ☑ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses comitted on or after September 13, 1994, but before April 23, 1996.

AO 245B · ` (Rev. 06/05) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

| | | | | |
|---|---|---|---|---|
| | Judgment—Page | 8 | of | 9 |

DEFENDANT:  RANDY LAVERN MARSHALL
CASE NUMBER:  1:14cr1LG-JCG-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ( 5)  Joiner Electric Company | $500.00 | $500.00 | |
| ( 6)  Tammy Williams | $1,008.00 | $1,008.00 | |
| ( 7)  Auto Owners Insurance | $2,953.12 | $2,953.12 | |
|      Claim#38-501-2013 | | | |
|      P.O. Box 2640, Pensacola, FL 32513 | | | |
| ( 8)  Bancorp South | $11,905.00 | $11,905.00 | |
|      Attention: Marylois Stockman | | | |
|      P.O. Box 780, Tupelo, MS 38802 | | | |
| ( 9)  Brian Kelder | $1,175.84 | $1,175.84 | |
| (10)  GEICO Insurance | $12,164.73 | $12,164.73 | |
|      Claim #0325269400101027 | | | |
|      One GEICO Center, Macon, GA 31295 | | | |
| (11)  Hancock Bank | $1,771.00 | $1,771.00 | |
|      Attention: Corporate Security File #1399725 | | | |
|      P.O. Box 4019, Gulfport, MS 39502 | | | |
| (12)  Mary Lamont | $7,893.00 | $7,893.00 | |
| (13)  Joshua Youngblood | $5,000.00 | $5,000.00 | |
| (14)  Denise Sanders | $50.00 | $50.00 | |
| | | | |
| TOTAL | $101,890.26 | $101,890.26 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  •  (Rev. 06/05) Judgment in a Criminal Case
  •       Sheet 6 — Schedule of Payments

| | Judgment — Page | 9 | of | 9 |

DEFENDANT:  RANDY LAVERN MARSHALL
CASE NUMBER:  1:14cr1LG-JCG-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☑  Lump sum payment of $ ___102,890.26___  due immediately, balance due

        ☐  not later than _____ , or
        ☑  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

    All restitution is payable to the U.S. District Court Clerk, who will forward payments to the victims as listed on the judgment order. The interest requirement is waived. Any balance remaining upon release from imprisonment shall be paid in monthly installments of no less than $200, beginning 60 days after release from imprisonment. In ordering this nominal monthly payment, the Court recognizes the full amount will likely not be paid in full prior to the termination of supervised release, and in that event, the defendant is ordered to enter into a written agreement with the Financial Litigation Unit of the U.S. Attorney's Office for payment of the remaining balance. Additionally, the value of any future discovered assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk of Court, P. O. Box 23552, Jackson, MS  39225-3552.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

    Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    All restitution is jointly and severally owed with Keith Anthony Kiel. Additionally, restitution is owed jointly and severally with Lamarcus Deshon Moore, Docket #1:14cr1LG-JCG-003, in the following amounts: $11,905 to Bancorp South of Greenville, Alabama; $12,164.73 to Geico, and $1,175.84 to Brian Kelder.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.