IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CAUSE NO. 1:14CR1-LG-JCG-1
CIVIL ACTION NO. 1:18CV18-LG

RANDY LAVERNE MARSHALL

## ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. §2255

BEFORE THE COURT is the [135] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Randy Laverne Marshall. His Motion asks the Court to vacate his sentence pursuant to § 2255 based on allegations of ineffective assistance of counsel during the pretrial, trial, sentencing, and appeal stages of his case. However, he provides no argument in his Motion, directing the Court to "See Memorandum in Support." (*e.g.*, Mot. Vacate 4, ECF No. 135.) The Court has received no supporting memorandum. Having considered the Motion, the record in this matter, and the applicable law, the Court finds that Marshall's Motion should be denied without evidentiary hearing.[1]

## I. BACKGROUND

From May 2008 through May 2013, Keith Anthony Kiel and Randy Marshall committed a series of bank robberies in Mississippi, Alabama, and Florida. Kiel and Marshall were ultimately indicted on multiple charges each of bank robbery,

---

[1] Marshall's Motion does not request an evidentiary hearing. Even if he had, there is no basis for holding one given the skeletal motion before the Court.

brandishing a firearm during a violent felony, interstate transportation of stolen vehicles, and conspiracy to commit those acts. At the conclusion of the trial on July 14, 2014, the jury found Marshall guilty on all counts.[2] This Court sentenced Marshall to a term of imprisonment of 1,704 months, or 142 years, and ordered restitution in the amount of $90,130.96. Marshall appealed his conviction, which the Fifth Circuit Court of Appeals affirmed on August 4, 2016. *See United States v. Kiel*, 658 F. App'x 701 (5th Cir. 2016). He thereafter petitioned the Supreme Court for a writ of certiorari, which the Court denied on January 9, 2017. *See Marshall v. United States*, 137 S. Ct. 668 (2017). Marshall filed the instant § 2255 Motion on January 12, 2018.

In his Motion, Marshall lists four grounds for vacating his conviction: (1) "trial counsel was ineffective during pretrial stages," (2) "trial counsel was ineffective during trial," (3) "trial counsel was ineffective during sentencing," and (4) "appellate counsel rendered ineffective assistance." (Mot. Vacate 4-8, ECF No. 135.) However, the Motion contains no further explanation or argument in support of these asserted grounds for relief. Written under each listed ground is "See Memorandum in Support," but the Court has yet to receive this referenced memorandum.

---

[2] Marshall's conviction stems from two criminal cases: the instant case and cause number 1:13cr51-LG-RHW-1. He has filed identical § 2255 motions in both cases.

## II. DISCUSSION

A one-year limitation period applies to § 2255 motions. 28 U.S.C. § 2255(f). The limitation period runs from, *inter alia*, "the date on which the judgment of conviction becomes final." *Id.* Marshall's conviction became final when the Supreme Court denied his petition for writ of certiorari on January 9, 2017. Although he dated his signature on January 4, 2018, the Court did not receive his Motion until January 12, 2018. He does not address the facial untimeliness of his Motion. However, assuming he deposited the Motion into a legal mailbox where he was incarcerated on January 4, 2018, the prison-mailbox rule would deem his Motion timely filed as of that date. *See United States v. Franks*, 397 F. App'x 95, 98 (2010) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). Because his Motion fails on the merits, the Court will assume that his Motion was timely filed.

A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. Indeed, a collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). 28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Marshall's Motion is a barebones submission. He has provided no factual allegations or argument to support his naked assertions of ineffective assistance of

counsel. The Court is under no obligation to guess at the factual basis for his claims or envision the arguments he might make. He has accordingly failed to outline any basis for granting the relief he seeks.

To the extent Marshall intends for this Motion to serve as a placeholder to satisfy the statute of limitations, he may not do so. "A defendant seeking relief under § 2255 may not circumvent the one-year statute of limitations 'by filing a timely, albeit threadbare, "place holder" § 2255 petition incanting the vaguest of buzzwords about his claims, then avail himself of relation back principles to fill in those claims at his leisure after the one-year limitations period expires.'" *United States v. Hughes*, No. 4:07CR21 TSL-JCS, 2014 WL 12818161, at *6 (S.D. Miss. Oct. 9, 2014) (citing *United States v. Hunter*, Crim. No. 08-0053-WS-M, 2010 WL 1994876, at *3 (S.D. Ala. May 18, 2010); *McLean v. United States*, No. 04-13534, 2005 WL 2172198, at *2 (11th Cir. Sept. 8, 2005); *United States v. Crawley*, No. CR H-06-204, 2010 WL 4393970, at *11 (S.D. Tex. Oct. 29, 2010)); *see also United States v. Callen*, No. CIV.A. H-14-207, 2015 WL 1034245, at *12-13 (S.D. Tex. Mar. 10, 2015), *report and recommendation adopted,* No. CR H-03-0346-1, 2017 WL 405926 (S.D. Tex. Jan. 31, 2017) ("A movant cannot circumvent AEDPA by filing a 'place holder' § 2255 motion then later rely on Federal Rule of Civil Procedure 15(c) to add additional claims after the one year limitation period expires."). His Motion will therefore be denied.

## III. CONCLUSION

Marshall's skeletal Motion fails to demonstrate that he is entitled to any relief made available by 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [135] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Randy Laverne Marshall is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE