IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                       **CAUSE NOS. 1:13CR51-LG-RHW-1
and 1:14CR1-LG-JCG-1**

**RANDY LAVERNE MARSHALL**

### ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the *pro se* [232] Motion for Reconsideration filed by the defendant, Randy Laverne Marshall. Marshall previously filed a [226] Motion to Reduce Sentence, wherein the Court denied his motion on January 25, 2022. (*See* Order, ECF No. 231). On February 14, 2022, Marshall filed the instant Motion, claiming the Court erred in its Order. (*See* Mot., ECF No. 232). Marshall also filed a Notice of Appeal of this Court's Order. (*See* Notice, ECF No. 233). The Court of Appeals notified Marshall that his appeal was pending consideration until this Court enters its ruling on the Motion for Reconsideration. (*See* Letter, ECF No. 234); *see also United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) (citation omitted).

Section 3582(c)(2) of Title 18 of the U.S. Code allows the Court to reduce a defendant's sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court must consider whether factors constitute "extraordinary and compelling"

reasons justifying a reduction in sentence. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021). The Court must also consider the factors set forth in § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

After a review of Marshall's Motion, the Court finds that it did not err in denying his motion to reduce sentence. Congress did not make the amendment under 18 U.S.C. § 924 retroactive, nor would Marshall immediately benefit from such a decision due to the lack of guidance from this Circuit. (*See* Order, at 4-6, ECF No. 231). Nonetheless, the Court finds that the 18 U.S.C. § 3553(a) factors do not justify a sentence reduction. As previously stated in this Court's Order, the Presentence Investigation Report reflects multiple prior convictions, including assault, attempt to break and enter, and possession of marijuana. (PSR ¶¶ 325-28, at 57-59, ECF No. 105). Marshall also has multiple pending charges entered against him. (*See id.* ¶¶ 334-35, at 60). The underlying conviction against him also involves robbing people at gunpoint. Thus, Marshall's claims that he is not a danger to the community are unfounded. Considering the § 3553(a) factors, requiring Marshall "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *see also* 18 U.S.C. § 3553(a)(2)(A), (B). For all these reasons, the Court finds that the Motion for Reconsideration must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *pro se* [232] Motion for Reconsideration filed by the defendant, Randy Laverne Marshall, is **DENIED**. The Clerk of Court is directed to file this Order denying Marshall's [165] Motion for Reconsideration under Docket No. 1:14-cr-1.

**SO ORDERED AND ADJUDGED** this the 2nd day of March, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE